UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SUET F. WONG,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NIGHT SWIM LANE TRUST, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:23-cv-00934-MMD-BNW<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Suet F. Wong sued Defendants Night Swim Lane Trust, Bank of America Home Loans,[1] and Sables, LLC for claims arising out of the foreclosure of her property. (ECF No. 1 ("Complaint").) Before the Court is Bank of America's motion to dismiss (ECF No. 7) and motion to expunge lis pendens (ECF No. 8).[2] As further explained below, because Plaintiff's claims against Bank of America are barred by res judicata, the Court grants the motion to dismiss. The Court denies Bank of America's motion to expunge the lis pendens and additional requests for Rule 54(b) certification and entry of a vexatious litigant order.

**II.　BACKGROUND**

Plaintiff has filed multiple actions in this district against Bank of America and other parties regarding the same property located at 5402 Night Swim Lane, Las Vegas,

---

[1]Bank of America, N.A. asserts that it has been erroneously identified as Bank of America Home Loans (ECF No. 7 at 1), and Plaintiff does not dispute this.

[2]Both motions are identical in content. Plaintiff responded (ECF No. 13), and Bank of America replied (ECF No. 15.) The Court grants Bank of America's request for judicial notice (ECF No. 7 at 2 n.1) of its exhibits, which consist of undisputed matters of public record. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

Nevada 89113 (the "Property").³ The most recent of these actions preceding this case was filed on November 29, 2022 before Judge Andrew P. Gordon in *Wong v. Night Swim Lane Trust et al.*, Case No. 2:22-cv-01985-APG-DJA (D. Nev. Filed Nov. 29, 2022) ("Prior Action"). In this Prior Action, Plaintiff asserted claims against Night Swim Lane Trust, Bank of America Home Loans, and Sables, LLC for violations of the Real Estate Settlement Procedures Act, violation of constitutional rights under the Fifth and Fourteenth Amendments, and violations of the Truth in Lending Act and Regulation Z. (ECF No. 7-13.)

On May 3, 2023, Judge Gordon found Plaintiff's claims against Bank of America barred by claim preclusion and dismissed those claims with prejudice. (ECF No. 7-14 at 3-5.) On June 12, 2023, Judge Gordon then dismissed Plaintiff's claims against Night Swim Lane Trust and Sables, LLC without prejudice for failure to timely serve them, which closed that action. *See Wong v. Night Swim Lane Trust et al.*, Case No. 2:22-cv-01985-APG-DJA, ECF No. 20 (D. Nev. Filed June 12, 2023).

In the instant action, Plaintiff filed a complaint substantively identical to the one in the Prior Action, asserting the same claims against Defendants. (*Compare* ECF No. 1 *with* ECF No. 7-13.)

**III.    DISCUSSION**

    **A.    Motion to Dismiss**

Bank of America argues that Plaintiff's claims are barred by the doctrine of res judicata. (ECF No. 7 at 4.) "The doctrine of res judicata [claim preclusion] provides that 'a final judgment on the merits bars further claims by parties or their privies based on the

---

³*See Wong v. Night Swim Lane Trust et al.*, Case No. 2:22-cv-01985-APG-DJA; *Wong v. National Default Servicing Corporation et al.*, Case No. 2:22-cv-00853-CDS-NJK; *Wong v. Countrywide Financial Corp. et al.*, Case No. 2:19-cv-02226-JCM-VCF; *Wong v. Countrywide Home Loans et al.*, Case No. 2:18-cv-1273-JCM-CWH; *Wong v. Countrywide Home Loans, Inc. et al.*, Case No. 2:16-cv-01012-JCM-CWH; *Wong v. Countrywide Home Loans, Inc. et al.*, Case No. 2:15-cv-01398-JCM-VCF; *Wong v. Bank of America Home Loans, N.A. et al.*, Case No. 2:13-cv-01438-JCM-CWH; *Wong v. BAC Home Loans Servicing, LP et al.*, Case No. 2:11-cv-01608-GMN-CWH; *Wong v. Citi Home Loans Servicing, LP et al.*, Case No. 2:11-cv-01428-ECR-GWF.

same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Claim preclusion requires three elements: (1) an identity of the claims; (2) a final judgment on the merits; and (3) the same parties or privity between the parties. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations omitted).

Here, Plaintiff asserts identical claims as in the Prior Action against an identical party—Bank of America—based on an identical set of facts. (*Compare* ECF No. 1 *with* ECF No. 7-13.) The judgment as to Bank of America in the Prior Action was not appealed by Plaintiff and constitutes a final judgment on the merits. Accordingly, Plaintiff's claims against Bank of America are plainly barred by res judicata, and the Court grants Bank of America's motion to dismiss.[4] Because amendment would be futile, the Court dismisses those claims with prejudice and denies Plaintiff's request for leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that leave to amend may be denied where amendment would be futile). To be clear, this means that Plaintiff may not refile these same claims against Bank of America.

**B.  Motion to Expunge Lis Pendens and Other Requested Relief**

Bank of America also requests that the Court: (1) expunge the lis pendens; (2) enter a Rule 54(b) certification if the Complaint is not dismissed as to other Defendants; and (3) deem Plaintiff a vexatious litigant. (ECF No. 15 at 5.) Bank of America does not make any argument in support of these requests. Moreover, Bank of America did not raise its requests for Rule 54(b) certification and entry of a vexatious litigant order until its reply, so the Court need not consider them.[5] *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.

---

[4]Plaintiff's opposition to the motion to dismiss (ECF No. 13) is identical to the opposition filed in the Prior Action, which Judge Gordon rejected as unpersuasive (ECF No. 7-14 at 4-5). For similar reasons, this Court also does not find Plaintiff's recycled arguments persuasive.

[5]While the Court does not consider or conduct a full vexatious litigant analysis here, the Court warns Plaintiff that her conduct is arguably becoming vexatious, and if Plaintiff continues to file the same claims concerning the same Property against Bank of America, the Court will consider more seriously any future requests to deem her a vexatious litigant.

2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

In any event, expunging the lis pendens would be inappropriate given that Plaintiff's claims against Defendants Night Swim Lane Trust and Sables, LLC still remain. And Bank of America has not demonstrated that there is a "pressing need" to direct entry of final judgment under Rule 54(b). *See Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."). The Court accordingly denies the motion to expunge lis pendens (ECF No. 8) and other requests without prejudice.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant Bank of America's motion to dismiss (ECF No. 7) is granted. Plaintiff's claims against Bank of America are dismissed with prejudice.

It is further ordered that Bank of America is dismissed from this action.

It is further ordered that Bank of America's motion to expunge lis pendens (ECF No. 8), request for Rule 54(b) certification, and request to declare Plaintiff a vexatious litigant are denied without prejudice.

DATED THIS 7th Day of August 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE