**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Suet F. Wong,

Plaintiff,

v.

Night Swim Lane Trust, et al.,

Defendants.

Case No. 2:23-cv-00934-MMD-BNW

**REPORT AND RECOMMENDATION**

Before the Court is Defendant, Bank of America, N.A.'s ("BANA") Motion to Designate Plaintiff Suet F. Wong a Vexatious Litigant Pursuant to 28 U.S.C. §1651. ECF No. 18. Plaintiff has not responded and the time to do so has passed. Although BANA sought a hearing, the Court deemed the motion suitable for decision based on the briefings. For the reasons discussed below, the Court recommends granting BANA's request for the Court to issue a prefiling order requiring Plaintiff to obtain permission from the Chief Judge of this district prior to filing any suit against BANA or any parties in privity with BANA regarding the property in question.

## I. BACKGROUND

BANA brings this motion after being named as Defendants nine times in the course of ten suits brought before this Court by Plaintiff Wong.[1] Although the suits have varied somewhat in terms of the specific claims, the exhibits attached, and the defendants named, Plaintiff's complaints consistently focus on the same allegations regarding the loans attached to 5402 Night Swim Lane in Las Vegas, Nevada, 89113 (the "Property").

Some of Plaintiff's previous claims are legitimate. These include claims for breach of contract, quiet title, and breach of fiduciary duty. Not so as to others, such as unconscionability,

---

[1] *See **Wong** v. Night Swim Lane Trust et al.*, Case No. 2:22-cv-01985-APG-DJA; ***Wong** v. National Default Servicing Corporation et al.*, Case No. 2:22-cv-00853-CDS-NJK; ***Wong** v. Countrywide Financial Corp. et al.*, Case No. 2:19-cv-02226-JCM-VCF; ***Wong** v. Countrywide Home Loans et al.*, Case No. 2:18-cv-1273-JCM-CWH; ***Wong** v. Countrywide Home Loans, Inc. et al.*, Case No. 2:16-cv-01012-JCM-CWH; ***Wong** v. Countrywide Home Loans, Inc. et al.*, Case No. 2:15-cv-01398-JCM-VCF; ***Wong** v. Bank of America Home Loans, N.A. et al.*, Case No. 2:13-cv-01438-JCM-CWH; ***Wong** v. BAC Home Loans Servicing, LP et al.*, Case No. 2:11-cv-01608-GMN-CWH; ***Wong** v. Citi Home Loans Servicing, LP et al.*, Case No. 2:11-cv-01428-ECR-GWF.

"improper fictitious entity," and "improper lien." But at the end, all of Plaintiff's complaints have been dismissed by the Court for a variety of reasons, including lack of standing, statute of limitations bars, and inapplicable legal theories.

As alluded to above, all ten suits are variations on the same theme. In essence, Plaintiff alleges that:

1. Defendant lenders engaged in predatory practices that she, as a non-English speaker, was not equipped to fend off; and
2. Defendant noteholders lack standing to foreclose on her home due to the securitization of her mortgage.

The Court has repeatedly dismissed claims related to the first allegation based on procedural grounds, and it has dismissed the second set of claims based on well-established Ninth Circuit law. Plaintiff remains undeterred, however, filing yet another suit in state court shortly after the Court granted BANA's Motion to Dismiss in the instant case.[2] In addition, Plaintiff has routinely engaged in what appear to be delay tactics, including repeatedly filing cases in both federal and state court[3] and naming numerous defendants whom Plaintiff neglects to properly serve.[4]

In the instant action, Plaintiff asserted claims against Night Swim Lane Trust, Bank of America Home Loans,[5] and Sables, LLC for violations of the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), and the Fifth and Fourteenth Amendments. ECF No. 1. In the order granting BANA's motion to dismiss, the Court observed: "Here Plaintiff asserts identical claims as in the Prior Action against an identical party . . . based on an identical set of facts." Concluding that these claims were "plainly barred by res judicata," the Court dismissed them with prejudice. To remove any doubt regarding the Court's intentions, the order unequivocally stated, "[t]his means that Plaintiff may not refile these same claims against Bank of America." ECF No. 16 at 3.

---

[2] A-23—878633-C, Nevada Eighth Judicial District Court, Clark County; T. Williams, Judge. Case dismissed 1/18/24. Findings of Fact, Conclusions of Law, and Judgement as to Bank of America, N.A.'s Motion to Designate Plaintiff a Vexatious Litigant as to the Subject Property entered 1/22/2024.

[3] Initially filed in state court necessitating removal by Defendants: 2:22-cv-00853-CDS-NJK; 2:16-cv-01012-JCM-CWH; 2:11-cv-01608-GMN-CWH.

[4] 2:23-cv-00934-MMD-BNW; 2:19-cv-02226-JCM-VCF; 2:15-cv-01398-JCM-VCF; 2:13-cv-01438-JCM-CWH.

[5] Bank of America, N.A. (BANA) is erroneously identified by Plaintiff as "Bank of America Home Loans."

Indeed, the Court even warned Plaintiff that "her conduct is arguably becoming vexatious" and that it would consider "future request[s] to deem her a vexatious litigant." ECF No. 16 at N5. BANA now files the instant motion requesting that Plaintiff be deemed a vexatious litigant.

## II. LEGAL STANDARD

The All Writs Act, 28 U.S.C. §1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *See De Long v. Hennessey,* 912 F.2d. 1144, 1147 (9th Cir. 1990) (citing *Tripati v Beaman,* 878 F.2d. 351, 352 (10th Cir. 1989)). Restrictions imposed must not be overbroad but may include prohibiting the litigant from filing future actions against a particular party without first demonstrating to the court that the proposed action is not frivolous. *Id.* at 1148.

In deciding whether to restrict a litigant's access to the courts, the Court must answer "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Molski v Mandarin Touch Rest.* 347 F Supp.2d 860, 863–64 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.,* 792 F.2d 19, 23 (2d Cir. 1986)). Because prefiling requirements contravene the presumption favoring public access to the judiciary, such orders are considered extreme remedies and thus should only be considered "after a cautious review of the pertinent circumstances." *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1057 (9th Cir. 2007).

The Ninth Circuit has outlined four steps that courts must follow prior to issuing prefiling orders. *De Long v. Hennessey* 912 F.2d. 1144, 1147–48 (9th Cir. 1990). First, courts must give the affected litigant notice and an opportunity to be heard. Second, courts must create an adequate record for review, including all pertinent cases and motions. Third, courts must make substantive findings regarding the frivolous or harassing nature of the litigant's actions. And fourth, courts must narrowly tailor the order to address the objectionable conduct without unduly restricting the litigant's access to the courts. *Id.*

Steps one and two are procedural in nature, while steps three and four are substantive. In addressing the substantive elements, the Ninth Circuit has adopted the Second Circuit's five-

factor framework (the "*Safir* factors") to evaluate the vexatiousness of the party's actions and the appropriateness of any proposed remedy. In completing this analysis, courts should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058 (emphasis added) (quoting *Safir*, 792 F.2d at 24).

## IV. ANALYSIS

### *1. The Court has given Plaintiff adequate notice and opportunity to be heard.*

The first consideration under *De Long* is whether the plaintiff has had sufficient notice and an opportunity to be heard prior to the Court limiting her judicial access. *De Long,* 912 F.2d at 1147. This is a core requirement of due process. *Id*.

In this case, the Court warned Plaintiff about her behavior in a previous order (ECF No. 16 n.5) and provided Plaintiff abundant time to respond to BANA's instant motion. Instead of opposing the motion, however, Plaintiff pursued the same complaint in state court where the case was dismissed[6] for identical reasons as those outlined by this Court.[7] Clearly, Plaintiff had fair notice that she might be declared a vexatious litigant, yet she chose not to oppose this potential outcome.[8]

### *2. BANA presents a substantially accurate record for review, setting forth cases and motions that support the requested relief.*

The second *De Long* requirement regards the preparation of a suitable record for appellate review. BANA's motion provides a complete list of the nine actions Plaintiff initiated against

---

[6] *See supra* note 2.

[7] Subsequently, the Eighth Judicial District Court seems to have deemed Plaintiff a vexatious litigant per *https://nvcourts.gov/__data/assets/pdf_file/0023/13496/Vexatious_Litigant_07.15.24.pdf.*

[8] Furthermore, the Court's decision to consider the issue based on the briefings in lieu of holding a hearing does not negate the opportunity the court afforded. *Cf. Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir.2000) (holding, in a case involving sanctions levied against an attorney, that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue," but instead that "[t]he opportunity to brief the issue fully satisfies due process requirements"). This Court has found that "notice of the motion and opportunity to respond is sufficient to satisfy the first factor." *Bailey v. Suey*, No. 2:12-CV-01954-JCM, 2014 WL 3897948, at *4 (D. Nev. Aug. 11, 2014). The Ninth Circuit affirmed the district court on this issue stating: "We reject as unpersuasive… contentions that . . . [Plaintiff] was entitled to a hearing before the district court declared him a vexatious litigant." *Balik v. City of Torrance,* 841 F. App'x 21 (9th Cir. 2021).

BANA or BANA predecessors in interest. ECF No. 18 at 4. Following the list, BANA briefly describes each case, including details about the excessive length of the complaints, the repetitive and inventive claims, and the Court's subsequent dismissal of each action. The dismissal in the instant case confirms BANA's conclusions, noting that "Plaintiff asserts identical claims . . . against an identical party . . . based on an identical set of facts." ECF No. 16.

Upon completing an independent review of the complaints and dismissals in this string of litigation, the Court makes the following observations:

a. Since 2011, Plaintiff has refiled variations of the same suit. The only gap in the timeline occurred from June 2020 until May 2022.[9] This gap roughly coincides with the federal moratorium on foreclosures during the Covid-19 pandemic, buttressing BANA's claims regarding Plaintiff's attempt to avoid foreclosure via this continuous stream of litigation.

b. Plaintiff's complaints are excessively long and convoluted. While one complaint was as short as 15 pages, one was as long as 323 pages, including exhibits.[10]

c. Plaintiff often buried her claims in extraneous documents. For example, one document[11] is identified as the complaint and lists the appropriate parties on the title page. However, pages 2–44 contain copies of a complaint filed in 2011 by the United States against Countrywide alleging FHA and ECOA violations.[12] At the end of this document, Plaintiff signs her name. However, her actual claims are found in an exhibit, a 120-page document in which most of the pages have limited or no connection to her case.[13]

/ / /

/ / /

---

[9] Plaintiff did, however, file an action in state court on October 9, 2020, naming BANA's co-defendants Sable, LLC and Night Swim Lane Trust regarding the same matter. *See Wong v. U.S. Bank, N.A.* A-20-822753-C.

[10] 2:16-cv-01012-JCM-CWH, ECF No. 1-1

[11] 2:19-cv-02226-JCM-VCF, ECF No. 1-1

[12] *See United States v. Countrywide Financial Corporation*, No. 11CV10540, 2011 WL 6399509 (C.D. Cal. Dec. 21, 2011) (alleging FHA and ECOA violations for discrimination against African American and Hispanic borrowers).

[13] *See* ECF No. 1-2 (including unrelated pages including instructions from a bankruptcy adversary complaint package).

d. Plaintiff has repeatedly recycled dismissed causes of action:

- Breach of good faith and fair dealing – 5 complaints[14]
- RESPA violations – 6 complaints[15]
- Unfair/deceptive practices – 2 complaints[16]
- Breach of fiduciary duty – 2 complaints[17]
- Quiet title – 2 complaints[18]
- Fifth and Fourteenth Amendment violations – 2 complaints[19]
- Wrongful foreclosure – 4 complaints[20]

e. While some claims were dismissed by the Court on the merits,[21] other claims, as well as entire suits, were dismissed for lack of service.[22]

f. This Court has issued several orders dismissing all of Plaintiff's claims. Despite this, Plaintiff continues to file documents that ignore the Court's prior guidance. For example, in four separate orders to dismiss,[23] the Court thoroughly explained the doctrine of res judicata and why all claims related to these facts have been and would be dismissed. Nevertheless, Plaintiff has continued to file complaints that are substantively identical to those dismissed with prejudice.

g. Plaintiff has also repeatedly filed the same allegations in state court.[24]

---

[14] 2:22-cv-00853-CDS-NJK; 2:19-cv-02226-JCM-VCF; 2:18-cv-1273-JCM-CWH; 2:11-cv-01608-GMN-CWH; 2:11-cv-01428-ECR-GWF.

[15] 2:23-cv-00934-MMD-BNW (instant case); 2:22-cv-01985-APG-DJA; 2:19-cv-02226-JCM-VCF; 2:15-cv-01398-JCM-VCF; 2:13-cv-01438-JCM-CWH; 2:11-cv-01428-ECR-GWF.

[16] 2:11-cv-01608-GMN-CWH; 2:11-cv-01428-ECR-GWF.

[17] 2:16-cv-01012-JCM-CWH; 2:11-cv-01428-ECR-GWF.

[18] 2:22-cv-00853-CDS-NJK; 2:11-cv-01428-ECR-GWF.

[19] 2:23-cv-00934-MMD-BNW (instant case); 2:22-cv-01985-APG-DJA.

[20] 2:22-cv-00853-CDS-NJK; 2:18-cv-1273-JCM-CWH; 2:13-cv-01438-JCM-CWH; 2:11-cv-01428-ECR-GWF.

[21] 2:23-cv-00934-MMD-BNW (instant case); 2:22-cv-01985-APG-DJA; 2:22-cv-00853-CDS-NJK; 2:18-cv-1273-JCM-CWH; 2:16-cv-01012-JCM-CWH; 2:15-cv-01398-JCM-VCF (dismissing one claim for failure to serve the relevant defendant, all others dismissed on the merits); 2:11-cv-01608-GMN-CWH; 2:11-cv-01428-ECR-GWF.

[22] 2:19-cv-02226-JCM-VCF;2:13-cv-01438-JCM-CWH (dismissing for failure to serve any defendant).

[23] 2:23-cv-00934-MMD-BNW (instant case); 2:22-cv-01985-APG-DJA; 2:22-cv-00853-CDS-NJK; 2:16-cv-01012-JCM-CWH.

[24] *Wong v. Countrywide* A-16-734233-C and *Wong v. U.S. Bank* A-20-822753-C (per BANA, named co-defendants Night Swim Lane Trust and Sables, LLC, also co-defendants here).

***3. An analysis under the Safir factors leads to a finding that Plaintiff's litigation history includes a pattern of repetitive and frivolous claims, harassment of BANA, and an abuse of the judicial system.***

Under the third step in *De Long,* the Court must make substantive findings of the litigant's frivolous, harassing, or abusive nature. To make these findings, the Court analyzes the relevant documents and procedural history of this string of litigation using each of the five *Safir* factors.

**a. History of Litigation**

*Safir's* first factor requires the court to examine the litigant's history of litigation and determine a pattern of vexatious and duplicative lawsuits that suggest harassment or other inappropriate use of the judicial system. As explained above, Plaintiff has filed a dozen suits (state and federal) against BANA, BANA's predecessors in interest, or those otherwise in privity with BANA based on the same set of facts. Seeking to avoid further filings, the Court has repeatedly instructed Plaintiff on the limitations of her claims, detailing why they fail on the merits, why many are barred by the statute of limitations, and why the doctrine of res judicata precludes any further litigation. Nevertheless, Plaintiff continues to file duplicative complaints. As a result, her conduct is vexatious, harassing, and abusive in nature.

**b. Plaintiff's Motive**

Under the second *Safir* factor, the Court is required to make findings regarding the litigant's motive in pursuing the litigation. The court should consider the implications of any relevant facts and analyze whether the litigant has an objective good faith expectation of prevailing in the litigation. *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1058 (9th Cir. 2007). Here, while the Court hesitates to assign a specific motive, it has doubts as to Plaintiff's good faith.

First, the Court notes the timing of the complaints. BANA alleges that the Plaintiff stopped paying on her mortgage in 2010 after considerably increasing her debt on the property by drawing on the equity.[25] Given the crash of housing prices in 2008, the Property was undoubtedly "under water." Accordingly, in 2011, Plaintiff initiated a stream of litigation, in which she effectively avoided foreclosure on the property while allegedly not paying her mortgage for over

[25] 2:11-cv-01608-GMN-CWH, ECF No. 5 at 4.

a decade.[26] As noted above, the only break in this chain of litigation coincides with the federal-mortgage moratorium during the Covid pandemic.

Second, the Court observes a pattern of what appears to be intentionally chaotic and disjointed litigation, designed to prolong her cases. As noted above, Plaintiff's complaints are needlessly long and cluttered by irrelevant documents such as appellate briefs and inapplicable legal forms. Additionally, Plaintiff has pointlessly extended litigation by filing suits in both federal and state courts but then failing to serve any of the named defendants.[27]

Finally, the Court can infer a lack of good faith from Plaintiff's utter disregard of prior orders dismissing her complaints. Despite the Court's dismissal of every single one of Plaintiff's claims, Plaintiff has made virtually no effort to adjust her approach based on the Court's justification for dismissal. For example, in dismissing Plaintiff's first case before this Court, Judge Reed stated, "Plaintiff has asserted twelve causes of action relating to a loan transaction consummated in 1998. As such, the vast majority of Plaintiff's claims are time barred, and all of them are without merit."[28] However, despite the Court informing Plaintiff that the statute of limitations had barred her RESPA claim, Plaintiff continued to make these same claims in five additional complaints, including in the instant case. Likewise, the Court described the doctrine of res judicata in four separate orders,[29] offering thorough explanations for why all claims, regardless of new information or new causes of action, will always be barred as to the loan on this property. Undeterred, Plaintiff has continued to file the same basic complaint over and over while having no objectively reasonable expectation of prevailing.

**c. Representation of Counsel**

The third *Safir* factor requires the Court to consider whether the litigant is represented by counsel to determine the reasonable expectations and responsibilities the court should place on the litigant. The Court acknowledges that pro se litigants should be accorded more leniency. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the Court has provided abundant

---

[26] *Id.*
[27] *See* n.3, n.21 *supra.*
[28] 2:11-cv-01428-ECR-GWF, ECF No. 38.
[29] *See* n.22 *supra.*

opportunities for Plaintiff to plead her case and yet has not found a single claim, even liberally construed, to have merit. This factor, therefore, is of no consequence here.

**d. Expense to Defendants and Burden on Courts**

Under the fourth *Safir* factor, the Court considers the needless expense and unnecessary burden BANA and the Court have incurred because of Plaintiff's litigation. As stated above, Plaintiff has filed ten similar suits, and every claim has been dismissed. The Court has undoubtedly spent hundreds of hours adjudicating these suits. Furthermore, because Plaintiff named BANA (or BANA's predecessors) in nine of these suits, Defendants have wasted considerable resources in litigating these claims. Given this history, it is reasonable for BANA to request a prefiling order as protection from further harassment.

**e. Other Sanctions**

Recognizing the severe nature of this remedy, *Safir's* final factor requires courts to consider whether lesser measures would likely curtail the litigant's problematic behavior. Plaintiff's history of recycling identical-and-dismissed claims in both federal and state court suggests that no lesser action is likely to impact Plaintiff's behavior. Although BANA has reportedly foreclosed on the Property, Plaintiff's rapid refiling of these claims in state court following this Court's latest dismissal suggest that Plaintiff will likely continue to vex BANA or those in privity with BANA with yet more lawsuits.

***4. BANA's request for a prefiling order is a narrowly tailored and appropriate remedy.***

*De Long's* final step requires courts to ensure that the remedy is not overbroad given the important policy reasons favoring public access to the judiciary. After careful consideration of all the factors in the foregoing analysis, the Court concludes that BANA's remedy is suitably tailored to address Plaintiff's vexatious behavior. Importantly, this remedy will not prevent Plaintiff from filing other suits unrelated to this string of litigation. But it will protect BANA and those in privity with BANA from future unmeritorious claims regarding the Property.

## V. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Defendant BANA's Motion to Designate Plaintiff Suet F. Wong a Vexatious Litigant (ECF No. 18) be GRANTED.

**IT IS FURTHER RECOMMENDED** that, if Plaintiff desires to file a new action in the United States District Court for the District of Nevada against BANA, Sables LLC, or those in privity regarding the Property,[30] she must first:

- Apply to the Chief Judge of this district for leave to file the document by submitting to the Clerks' Office an application with the title "Application to Chief Judge Seeking Leave to File."
- That application must be supported by a declaration from Plaintiff, made under penalty of perjury, stating that (1) the matters asserted in the new complaint or petition are different from those asserted in the actions she has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; and (3) she has conducted a reasonable investigation of the facts and such investigation supports the claim or claims. The application must also have a copy of the order designating her a vexatious litigant attached.

**NOTICE**

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 6, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

[30] Actions regarding the Property include the securitization of the mortgage, violations of federal or state law addressing servicing of the mortgage or the mortgage's validity, or any other claims addressing the validity of the mortgage, its assignments, or enforceability, including BANA's right to foreclose on the Property.